### PLEDGER versus GLOVER.

The finding of a jury, in determining mutual demands between a plaintiff and defendant, " *that they find the plaintiff indebted to the defendant in the sum of two dollars and forty cents, over and above the plaintiffs demand in this behalf,*" is good. A notice of set-off, is no part of the record, and any errors in the proof relating to it, must be shewn by bill of exceptions.

Pledger, bearer of Chapman, instituted an action of *assumpsit*, in the Circuit Court of Marengo, against Glover. The cause of action was a note of hand for fifty dollars. The plea of *non assumpsit* was relied on, with a notice of set-off. The jury rendered a verdict in favor of the defendant, for two dollars and forty cents; on which the plaintiff took his writ of error to this Court, and assigned as cause for reversal,

1st. That the judgment was erroneous, and not responsive to the issue.

2d. That the Court erred in rendering judgment on the verdict.

PICKENS, for Plaintiff—STEWART, *contra*.

By Mr. Justice HITCHCOCK:

This is an action of assumpsit, on a note given by the defendant to one William W. Chapman, or bearer, dated 9th December, 1829, for fifty dollars. The

suit is brought by Pledger, as bearer. The defend-
ant pleaded non assumpsit, and there is a verdict for
the defendant in the following words : The jury upon
their oath do say, " that they find the plaintiff in-
debted to the defendant in the sum of two dollars and
forty cents, over and above the plaintiff's demand in
this behalf :" upon which there is a judgment for the
defendant for that sum. Appended to the plea of non
assumpsit, is a notice signed by William G. Alston,
as attorney for the defendant, addressed to Jeremiah
Jones, attorney for the plaintiff ; in which he states
that the defendant will off-set at the trial of the cause,
a note for fifty two dollars twelve and a half cents,
which the defendant held against Chapman, before
notice of the transfer by him, of the note sued on, to
the plaintiff.

There are two assignments of error.

1. That the verdict is erroneous, and not respon-
sive to the issue.

2. That the Court erred in rendering a judgment
on the verdict, against the plaintiff.

Our statute of set-off, authorises a defendant, where
there are mutual debts between him and the plaintiff,
to set one debt off against the other, either by plead-
ing the general debt intended to be off-set, in bar, or by
pleading the general issue, and giving the plaintiff no-
tice of the particular debt so intended to be set-off, stat-
ing on what account the same is due.[a] The party has
his election, which mode to pursue. If he pleads the
set off, the defendant must reply ; but if he does not
plead specially the set off, but rely upon giving notice
under the general issue, the plaintiff does not reply,
but makes his defence on the trial.[b] This mode of
proceeding, however, can only be had when the ac-
tion is such as will admit of the plea of the general
issue. When, either the debt sued on, or the set-off

[a] Aik. Dig. 281.

[b] 1 Chitty's Pl. 605, 608.

to be made, has accrued by bond or penalty, then the plea of set-off must be made. It is only in cases where neither debt has accrued by reason of a penalty, that 1 Ch. Pl. 607. the defendant has his election, either to plead, or give notice of set-off.

In this case, there is no plea of set-off. The plea is the general issue. The notice of set off is no part of the record. It is a practical proceeding, addressed by the attorney of the defendant to the attorney of the 3 Ch. Pl. 933. plaintiff, and does not admit of, or require a replication; and if the plaintiff relies upon the statute of 1 Ch. Pl. 607. limitations, he does not plead it as in case of a plea of set-off, but gives it in evidence on the trial. And if there be error on the trial below, it must be brought to the notice of this Court, by bill of exceptions.

Excluding then, from our consideration, the notice of set-off in this record, there does not appear to be any error in the proceedings below. The statute allowing sets off, declares, that " if it appear to the jury that the plaintiff is overpaid, they shall give a verdict for the defendant, and withall, certify to the Court how much they find the plaintiff to be indebted, or in arrear to the defendant, more than will answer the debt or sum demanded," upon which judgment shall be entered for the defendant. This verdict is a substantial compliance with this part of the statute. They say that the plaintiff is indebted to the defendant two dollars and forty cents more than his (the plaintiff's) demand. This is finding the plaintiff overpaid; and by necessary inference, finds a verdict for the defendant. There is, it is true, no technical finding that "the defendant did not assume and promise as set forth in the plaintiff's declaration;" but all this is substantially found, and is such a verdict as will sustain a judgment upon it.

The argument of the plaintiff's counsel proceeds

upon the supposition, that the notice of set-off is a part
of the record, and that the verdict is contrary to law, as
it does not shew any mutual dealings between the par-
ties.   Had the plaintiff pleaded the set-off, instead of
giving notice of it, and thereby presented the matter
of defence on the record, (which in general, is much
the best and safest way,) the second assignment might
have been reached.   But, for aught that appears to
the Court, the defendant may have given such notice
of set-off as would shew a balance in his favor ; and
this Court must presume such to be the case, in the
absence of record proof to the contrary—which proof
should have been presented by bill of exceptions.

The judgment therefore, must be affirmed.